James Michael **LETCHER**, Petitioner,

v.

**STATE of Minnesota, Respondent.**

No. C5–83–1935.

Court of Appeals of Minnesota.

Dec. 21, 1983.

Fred T. Friedman, Duluth, for petitioner.

Hubert H. Humphrey, III, Atty. Gen., St. Paul, for respondent.

Considered and decided by POPOVICH, C.J., and FOLEY and SEDGWICK, JJ., without oral argument.

## MEMORANDUM OPINION AND ORDER

POPOVICH, Chief Judge.

### FACTS

On November 17, 1983, Petitioner Letcher was arrested for a violation of probation pursuant to an order of Judge Thomas J. Bujold. He was arraigned on the same date and a probation violation hearing was scheduled for November 23, 1983. He has remained incarcerated since then. By memorandum of counsel, petitioner alleges that he was eligible for the appointment of a public defender, requested one and was denied one. On November 23, 1983, Petitioner was brought before the Court for hearing. He alleges that he again asked for a public defender and that the Court indicated that one would not be appointed for a probation violation hearing.

The probation violation hearing was continued to November 29 at which the State of Minnesota was represented by the Duluth City Attorney's Office and the Petitioner appeared pro se. By Order dated December 1, 1983, Petitioner's probationary stay was revoked and the Petitioner was ordered to serve the balance of the sentence on his original assault charge for which he was sentenced to 90 days in the County jail.

### ISSUE

Whether an indigent defendant, charged with a violation of probation, and incarcerated while waiting for a probation revocation hearing, is entitled to the appointment of counsel.

### ANALYSIS

■ Although there is no constitutional requirement for the appointment of counsel for all indigent at probation revocation, a defendant must be accorded due process before his rights can be revoked. *Gagnon v. Scarpelli*, 411 U.S. 778, 93 S.Ct. 1756, 36 L.Ed.2d 656 (1973); *Morrissey v. Brewer*, 408 U.S. 471, 92 S.Ct. 2593, 33 L.Ed.2d 484 (1972).

■ The United States Supreme Court, in *Gagnon, supra,* outlined when counsel should be provided in a probation revocation hearing:

Presumptively, it may be said that counsel should be provided in cases where, after being informed of his right to request counsel, the probationer or parolee makes such a request, based on a timely and colorable claim (i) that he has not committed the alleged violation of the conditions upon which he is at liberty; or (ii) that, even if the violation is a matter of public record or is uncontested, there are substantial reasons which justified or mitigated the violation and make revocation inappropriate, and that the reasons are complex or otherwise difficult to develop or present. In passing on a request for the appointment of counsel, the responsible agency also should consider, especially in doubtful cases, whether the probationer appears to be capable of speaking effectively for himself. In every case in which a request for counsel at a preliminary or final hearing is refused, the grounds for refusal should be stated succinctly in the record.

*Id.* 411 U.S. at 790–91, 93 S.Ct. at 1764.

In Minnesota, the rules of procedure provide that a criminal defendant has a right to counsel at a probation revocation hearing.

Rule 27.04, Minn.R.Crim.P., provides the procedure for probation revocation hearings. Subdivision 2(1)(a) states:

That [the probationer] is entitled to counsel at all stages of the proceedings, and if he is financially unable to afford counsel, one will be appointed for him at his request.

Rule 27.04, subd. 2(2) provides for the appointment of counsel pursuant to Rule 5.02 which governs the appointment of counsel in felony, gross misdemeanor and misdemeanor cases and which defines the standard of indigency.

In the instant case, it is not clear from the record before this court whether Petitioner Letcher is indigent so as to be eligible for the appointment of a public defender and for what reason he was denied his request for such appointment. Accordingly, the matter is remanded to the trial court for further proceedings as follows:

### ORDER

1. This matter is remanded to the St. Louis County Court for immediate determination of eligibility for the appointment of a public defender or receipt of voluntary waiver of counsel;

2. If Petitioner is found eligible for the appointment of a public defender, one shall be appointed on his behalf;

3. If a public defender is appointed on Petitioner's behalf, the St. Louis County Court shall schedule an immediate date for hearing on the revocation of probation; and

4. If such hearing is scheduled, Petitioner shall be released from custody, subject to reasonable bail or other conditions of release, pending that hearing; and

5. If, upon such hearing, Petitioner's probation is revoked, he shall be credited with all time served.